IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:20CR00033-002 LPR |
| | ) | 4:21CR00335-002 LPR |
| RAYMOND CRAIG | ) | |

**MOTION FOR AN UPWARD VARIANCE AND CONSECUTIVE SENTENCES**

The United States, by and through its attorneys, Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Bart Dickinson, Assistant United States Attorney for said district, comes now before the Court to move for an upward variance and consecutive sentences and respectfully requests that the Court sentence the defendant to a term of imprisonment of ten years on both counts consecutive.

Title 18, United States Code, Section 3553(a) Factors

Upon a motion and awarding a third point for allocution, the defendant's base offense level would result in a 24 with a criminal history category of III. The guideline imprisonment range would be 70 to 87 months. The United States believes that all the factors outlined in Title 18, United States Code, Section 3553(a) support a sentence of ten years imprisonment on each count.

In particular, the United States believes that the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct, and the kinds of sentences available are the 3553(a) factors that are most informative in arriving at a sentence of ten years for each count and for each count to run as consecutive terms of imprisonment.

*Caselaw*

"The district court has 'substantial latitude to determine how much weight to give the various factors under § 3553(a).'" *United States v. Lewis*, 576 Fed. Appx. 629, 631 (8th Cir. 2014) (citing *United States v. Waller,* 689 F.3d 947, 960–61 (8th Cir. 2012) (per curiam)) (*quoting United States v. Ruelas–Mendez,* 556 F.3d 655, 657 (8th Cir. 2009)), "[S]entencing courts may take into account not only 'a defendant's prior convictions, but...also [his] past criminal behavior, even if no conviction resulted from that behavior.'" *Alabama v. Shelton*, 535 U.S. 654, 665 (2002). In considering a sentence above the Guidelines range, it is well established that the Court "may consider prior sentences 'not used in computing the criminal history category,'" and may "weigh the similarity of past offenses to the instant offense, and the possibility that repeated offenses of a similar nature indicate a heightened need for deterrence." *United States v. Jackson*, 740 Fed. Appx. 856, 857 (8th Cir. 2018) (*quoting United States v. Shillingstad*, 632 F.3d 1031, 1037 (8th Cir. 2011)). A district court also "may impose an upward variance based on facts already included in the advisory sentencing guidelines where the advisory guidelines do not fully account for those facts." *United States v. Hammerschmidt*, 881 F.3d 633, 640 (8th Cir. 2018) (*quoting United States v. Fiorito*, 640 F.3d 338, 352 (8th Cir. 2011) (alteration in original); *United States v. Jones*, 509 F.3d 911, 914 (8th Cir. 2007)).

Regarding the type of proof that may be considered, "Congress has provided that 'no limitation shall be placed on the information concerning the background, character, and conduct of a person' that a court may 'consider for the purpose of imposing an appropriate sentence.'" *United States v. Schlosser*, 558 F.3d 736, 740 (8th Cir. 2009) (*quoting* 18 U.S.C. § 3661). "[A] judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind

of information he may consider, or the source from which it may come." *Id*. (*quoting United States v. M.R.M.,* 513 F.3d 866, 870 (8th Cir. 2008) (quotation omitted).

Another set of factors that can and ought to be considered in arriving at a sentence address the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct. Certainly, a lengthy prison sentence would also serve to deter others who dare to consider committing such a crime. A significant sentence is appropriate and necessary to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct.

The final 3553(a) factor that is most informative in this case considers the kinds of sentences available. As outlined in the PSR, federal law provides for a sentence of up to 20 years of imprisonment for each count and a length of supervised release of up to 3 years. When a district court imposes a variance, Federal Rule of Criminal Procedure 32(h) does not require advanced notice. *United States v. Moore*, 683 F.3d 927, 931 (8th Cir. 2012) (*citing United States v. Foy*, 617 F.3d 1029, 1035 (8th Cir. 2010). Further, the law allows the Court to sentence the defendant to a term of supervised release of 3 years to follow, an appropriate length, given the nature and circumstances of the offense, the defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to adequately deter criminal conduct.

*Facts and evidence of the defendant's criminal conduct*

The defendant participated and conspired with co-defendants in an orchestrated criminal enterprise, driving from Indianapolis, Indiana, to commit multiple armed robberies in multiple states. This included the attempted robbery on June 21, 2018, of the CVS Pharmacy in

Jonesboro, Arkansas, and the robbery of the CC Food Mart, in Greenville, Illinois on the same date. (PSR ¶¶ 7-9). The defendant also participated in the armed robbery of a Burger King in Effingham, Illinois on the same date. During the robberies, the defendant and two co-conspirators entered the stores, brandished a firearm in each of the robberies, and threatened the lives of store employees. The defendant participated with full knowledge of the use of a firearm to facilitate the crimes. The United States has compiled a summary video of surveillance footage from the attempted robbery in Jonesboro, Arkansas, the robbery in Greenville, Illinois, and the robbery in Effingham, Illinois. In the video, the defendant is wearing all black with brown shoes in the CVS video. The defendant is then seen using zip ties to the clerk's hand behind her back. The defendant is wearing a black top and red pants in the CC Food Mart video. (U.S. Exhibit 1).

<u>Argument</u>

The crimes committed by the defendant were premeditated, violent, and serious. Multiple victims were threatened at gun point during the robberies. The defendant was fully aware that a firearm was involved and was brandished to facilitate the robberies. The defendant was an active participant during the commission of the offense. The first armed robbery attempt occurred at 8:00 a.m. and the last occurred after 9:00 p.m. on the same day. The defendant made the deliberate choice to travel across multiple states to participate in violent robberies in multiple episodes throughout the trip. The victims of the robberies were significantly impacted by the events and suffered mental and emotional damage from the defendant's actions.

A similarly charged incident for a state charge of Aggravated Robbery in Arkansas, would result in a range of punishment of 10 to 40 years to life in prison, with a parole eligibility of no less than seventy percent. It is reasonable to assume that an armed robbery in another state

would result in consecutive punishment. The defendant also committed a similar offense in Jefferson City, Missouri, two months after the criminal offenses giving rise to the charges before the court. (PSR ¶ 37).

## Conclusion

WHEREFORE, for the reasons detailed above, the United States respectfully requests that its motion be granted and that the defendant be sentenced to ten years of imprisonment, that the counts be run consecutive, and to three years of supervised release.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

By: BART DICKINSON
Assistant U.S. Attorney
AR Bar 98143
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Bart.Dickinson@usdoj.gov